UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**Eileene Luciano,**
in her individual capacity and
on behalf of others similarly situated,

        Plaintiff,

v.

**Cafe Au Bon Gout, Inc.**, d/b/a Cafe R,
and
**Young Soo Lee**, an individual

        Defendants.

Case No. 1:12-cv-05730-JSR

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT,
CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL,
AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT
AND CLASS ACTION SETTLEMENT PROCEDURE**

 

**Penn U. Dodson (PD 2244)**
AndersonDodson, P.C.
*penn@andersondodson.com*
11 Broadway
Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

Attorney for Plaintiffs

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page iv

# TABLE OF CONTENTS

Authorities

I. INTRODUCTION .................................................................................................................. 1
II. BACKGROUND ..................................................................................................................... 2
   A. Factual Background ..................................................................................................... 2
   B. Procedural History ....................................................................................................... 3
III. SUMMARY OF THE SETTLEMENT TERMS .................................................................. 4
   C. The Settlement Fund .................................................................................................... 4
   D. Eligible Employees ...................................................................................................... 5
   E. Release .......................................................................................................................... 6
   F. Allocation Formula ...................................................................................................... 6
   G. Attorneys' Fees and Litigation Costs ........................................................................... 8
   H. Service Award ............................................................................................................. 8
IV. CLASS ACTION SETTLEMENT PROCEDURE .............................................................. 9
   I. The Settlement Class Meets the Legal Standard for Class Certification ................... 10
   J. The Settlement is Fair, Reasonable, and Adequate .................................................... 11
      1. Further Litigation May be Complex, Costly, and Long (Grinnell Factor 1) ......... 12
      2. The Reaction of the Class (Grinnell Factor 2) ....................................................... 13
      3. Discovery Has Advanced Far Enough to Allow the Parties to Responsibly Resolve the Case (Grinnell Factor 3) ......................................................................... 13
      4. Plaintiffs Would Face Significant Risks if the Case Proceeded (Grinnell Factors 4 and 5) .... 14
      5. Establishing a Class and Maintaining it Through Trial Would Not Be Simple (Grinnell Factor 6). 14
      6. Defendants' Ability to Withstand a Greater Judgment Is Not Assured (Grinnell Factor 7) ... 15
      7. The Settlement Fund is Substantial in Light of the Best Possible Recovery and the Attendant Risks of Litigation (Grinnell Factors 8,9). .......................................... 15
   K. Certification of the Rule 23 Settlement Class Is Appropriate. .................................. 17
   L. The Proposed Class Notice Is Appropriate. ............................................................... 17
V. CONCLUSION ..................................................................................................................... 18

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*  
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval  
Page v

## I. INTRODUCTION

Subject to Court approval, the parties have settled this case for $112,500 for the wage claims of restaurant workers at one restaurant location, pertaining to an approximately 68-week period, from April 1, 2011 (when the store opened) to July 19, 2012 (just before defendants installed a new time clock system). Believing that the proposed settlement satisfies all of the criteria for preliminary settlement approval under federal law, Plaintiffs respectfully request that the Court

(1) grant preliminary approval of the Joint Settlement and Release ("Settlement Agreement") attached as Exhibit A to the Declaration of Penn Dodson in Support of Plaintiffs' Motion for Preliminary Approval of Settlement ("Dodson Decl.");

(2) pursuant to Fed. R. Civ. P. 23(b)(3) and 29 U.S.C. § 216(b), certify the Settlement Class, which is narrower in timeframe than the Class this Court certified in a "bottom line" order;

(3) approve the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Notice"), attached as Exhibit A to the Settlement Agreement, and direct its distribution.

Preliminary approval and conditional certification will allow the parties to notify the class of the settlement and of their right to object or opt out. Preliminary approval does not require the Court to rule on the ultimate fairness of the settlement, but to make only an "initial evaluation" of the fairness of the proposed settlement and whether there is "probable cause" to submit it to class members. *See* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), §11.25 (4th ed. 2002); *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (the court need only find "'probable cause' to submit the [settlement] to class members and hold a full scale hearing as to its fairness"). The Court should permit notice of the settlement to be sent to class members because the settlement falls within the "range of possible approval." *Newberg* §11.25.

## II. BACKGROUND

### A. Factual Background

Café R, a food court style restaurant with multiple food stations oriented toward lunch dining, located in midtown Manhattan, opened in April, 2011. Plaintiff Eileene Luciano worked as a cook in the seafood station at Defendants' restaurant in April to June, 2011, when the restaurant was first opening. While she worked there, she has contended, she was paid at "straight time" rate of $9.00 per hour despite working more than 40 hours in the workweek.

Defendants admit their recordkeeping practices were less than ideal during the relevant time period. According to Defendants, when the restaurant opened, the employees used a punch card time clock to record their time. (Dkt. 46, SOF ¶ 6). When the punch cards were used, the defendants' practice was to tally the quantity of hours worked, hand write the total of the week's hours on the card, multiply that number by the worker's hourly rate, and pay the individual that amount in cash, with no pay stubs. (SOF ¶¶ 12, 15). Defendants contend that "we lost some of them, many of them". (SOF ¶ 7). Though not many, a few of the time cards were produced in conjunction with the previous related case, *Parrilla v. Café R* (Case No. 1:11-cv-06073-JSR). (SOF ¶¶ 11-12). These show that, in fact, the workers were working significant amounts of overtime – the first two pages of those documents show workweeks of 65 hours, 75 hours, 76 hours, 69 hours, 60 hours, and 61 hours. *Id*. For some workweeks, handwritten dollar amounts appear as well. These show that a) the hourly rates were in fact $9.00 (i.e. the quantity of hours worked times $9 equals the "total" in each tally) b) only straight time rates were paid rather than overtime premiums c) nothing was paid for spread of hours pay. *Id.*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 2

In or about July, 2012, after having been sued in this court in the *Parilla v. Café Au Bon Gout* case, Café R bought a new time clock, lowered at least some of the workers' hourly rates, and began paying time and a half for overtime. (SOF ¶¶ 8-9). This new machine uses fingerprints to punch in and out, and generates computerized reports. *Id.* Defendants submitted these reports for its current employees in support of their Response to Plaintiff's Motion for Certification, Dkt. 31-40. *Id.*

### B. Procedural History

On July 25, 2012, Plaintiff Luciano commenced this action as a putative class action under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b), bringing claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Dkt. 1).

Soon after Defendants filed their Answer, Plaintiff filed a Motion to Strike and for Partial Judgment on the Pleadings at Dkt. 12-13, resulting in a finding of liability against the defendants. Order, Dkt. 14 ("[P]artial judgment on the pleadings is entered on the question of liability under the Fair Labor Standards Act and the New York Labor Law.") This finding pertained to the defendants' method of calculating compensation for Ms. Luciano (and, though the class was not yet certified, implicitly, anyone else who had been paid according to the same method). The method at issue was that the workers, including Ms. Luciano, were not paid time and a half their regular hourly rate. Defendants had attempted to contend that workers' "real" rate was $7.25 or $7.50 per hour, such that when they worked overtime, compensation would close to even out between that rate and the overtime rate of just over $10 per hour. Court found this methodology unconvincing.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 3

At some point, defendants seem to have discontinued this payment practice. Therefore, defendants may have argued in response to plaintiff's motion for summary judgment that Ms. Luciano's claims should be limited to the time period during which that particular "common pay practice" was at issue.

Following orders granting Plaintiff's Motion for Judgment on the Pleadings as to liability and Plaintiff's Motion for Certification of an FLSA collective and NYLL FRCP 23 collective, Plaintiff filed a Motion for Summary Judgment as to the determination of damages. Soon after that was filed, defendants sought to settle and ultimately brought in additional counsel to assist in the process. Once a working agreement was reached, counsel formalized a written agreement which all parties have subsequently executed. (*Id*. ¶ 18.)

The parties agreed to settle related to the time period during which the pay practice Ms. Luciano experienced was employed (or, at least, for the time period before which the defendants have records to dispute that such was the case). Importantly, in settlement, the parties agreed that any claims any workers might have pertaining to the time period after the new time clock was installed are not being waived or released in this settlement. The settlement only relates to the wage that accrued during the first approximately 15 months the restaurant was open.

## III. SUMMARY OF THE SETTLEMENT TERMS

### C. The Settlement Fund

The Settlement Agreement creates a fund of $112,500 ("the Fund"). Defendants are to pay $12,500 per month for 9 months (April 24 to December 24, 2013) into Plaintiff's counsel's trust account, until the full amount has been received. Defendants have expressed their commitment to ensuring these payments are timely made by agreeing to pay late fees and to sign a confession of judgment to be held in escrow unless and until the event of default. While the

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 4

payment schedule is likely to be slightly longer than the class action procedures schedule (time for mailing, 60 days to respond, fairness hearings, etc.), it is anticipated to be relatively close in time that both the fund will be fully funded and the procedural mechanisms will have been met.

The Fund covers Class Members' awards, the named plaintiff's service award, attorneys' fees, and litigation costs. The Settlement Administrator's fee shall first come out of funds, if any, that would otherwise be donated to a *cy pres* recipient, up to a cap of $3,000, with any remainder to be paid by Defendants. Funds remaining, if any, after all disbursements, shall be distributed to an appropriate *cy pres* recipient.

A third party Claims Administrator will be responsible for mailing the notice and claim form to Class Members, receiving back the claim forms and any opt out correspondence, for creating a final list of those who have submitted claim forms and calculating each Class Member's individual settlement award, and for cutting settlement checks and mailing them to Class Members, for issuing stop payment instructions on any checks that have not been cashed after 90 days, and for cutting checks to any *cy pres* recipients.

### D. Eligible Employees

The Class consists of all individuals who worked at Café R at any time from April 1, 2011 to July 19, 2012 and who were paid on an hourly basis (including but not limited to, cooks, cashiers, dishwashers, and other restaurant laborers with unspecified titles).

Defendants do not have a complete list of its employees who worked during this time period, much less do they have full and current contact information for them. As part of the agreement, Defendants have put together their best effort for individuals who should be included in the class (and, conversely, those to whom a release would apply). However, because this is expected to be only a partial list, other methods of distribution of the notice will be employed

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 5

(email, social media, and word of mouth).  As a result of this outreach, it is anticipated that at least some individuals who were not on defendants' list may also provide consent forms.

In order to receive a check, class members must submit a Consent Form.  The purpose of this is primarily a) to collect correct current contact information for the class and b) to obtain a "best guess" for quantity of workweeks each such worker worked at Café R in order to establish the measure of their damages to be awarded.  This will approximate the "just and reasonable inference" standard appropriate where an employer has failed to maintain adequate records. *Anderson v. Mt. Clemens Pottery*.

### E. Release

The Settlement Agreement provides that every Class Member (i.e. everyone on the list of employees attached to the Agreement, unless they timely opt out, plus any additional eligible employees who complete consent forms) will release Defendants from all wage and hour claims for the time period of April 1, 2011 to July 19, 2012. In other words, given defendants' poor records, the precise identities of those to be included in the class for purposes of being subject to a Release are those Eligible Employees whom Defendants have listed in the attachment to the Release and/or those who in fact complete and return a claim form.  No claims will be released for time periods after the applicable time period.

### F. Allocation Formula

Class members who submit claim forms will receive a share of the settlement fund proportional to the size of their computed claim relative to the total of all computed claims. More specifically, each individual Eligible Class Member's Allocated Share will be calculated using the following Formula:

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 6

    a. **Step One:**  Calculate the amount of each Eligible Class Member's maximum claim, as follows:

        i. Individuals completing their Claim Forms are to indicate their dates of employment.  If they fail to complete this section the parties will assume that the claimant worked 5 weeks in the Covered Period.

        ii. Covered Period (4/1/11-7/19/12):

            (A) (Quantity of workweeks he or she worked in Covered Period x 15 hours per week x $4.50 per hour) [overtime component]

            (B) + (Quantity of workweeks he or she worked in Covered Period x 3 hours per week x $7.25 per hour) [spread of hours component]

            (C) = Quantity of workweeks he or she worked in Covered Period x $89.25

    b. **Step Two:**  Add all the Eligible Class Members' claims together to obtain the total amount of claims made by the Eligible Class Members.

    c. ***Step Three:***

        i. If the Net Settlement Fund amount is <u>greater than or equal to</u> the total amount of the Eligible Class Members' claims, each Eligible Class Member shall receive the amount calculated in Step One.

        ii. If the Net Settlement Fund amount is <u>less than</u> the total amount of the Eligible Class Members' claims, then the Net Settlement Fund shall be divided pro rata among the Eligible Class Members.  In other words, each Eligible Class Member's claim shall be the numerator and the Net Settlement Fund amount shall be the denominator in order to determine the percentage of the Net Settlement Fund to which each Eligible Class Member shall be entitled.

In other words, the total of the submitted claims is the denominator; the class member's claim is the numerator.  That percentage is applied to the net fund remaining after costs (up to $4,000), fees (33%) and the service award to the named plaintiff ($10,000) are taken out, which is estimated to be approximately $62,000 should this court approve the amounts requested in those areas.  (As mentioned, the gross fund is $112,500.)  Thus, for each of the approximately 68 workweeks at issue, there is just under a thousand dollars to distribute among the workers during each workweek.  At $89.25 per worker per workweek, if up to about 12 workers filed their forms, they would receive full compensation.  It is estimated that that number represents

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 7

approximately a third of the number of workers working in any given workweek. In this case, given the combination of the defendants' poor records and the transient nature of the workforce, despite best reasonable efforts, it is anticipated that not all workers will submit claim forms. Thus, those who do submit them stand a good chance of being at or close to the full amount of the formula amount. If so few workers are located that the fund is not fully utilized, the remainder will go to an appropriate *cy pres* recipient.

### G. Attorneys' Fees and Litigation Costs

Plaintiffs' counsel will apply for 33% of the Fund as attorneys' fees.[1] (Ex. A) Plaintiffs' counsel will also seek reimbursement of their actual out-of-pocket expenses from the Fund, which "shall not exceed $4,000." (*Id.*) These shall be for necessary and standard costs such as court reporter fees, deposition translator fees, court filing fees, service of process, and similar. The Court need not rule on fees and costs now. Plaintiffs' counsel will file a formal motion for approval of fees and costs along with their motion for final approval of the settlement. *See* Fed. R. Civ. P. 23(h) and 54(d)(2).

### H. Service Award

The Named Plaintiff will submit a separate motion for a service award contemporaneously with her motion for attorney fees and costs. The Court need not address that issue at this time. The amount to be requested, as stated in the settlement agreement, is $10,000.

---

[1] This is a typical fee award in the Second Circuit. *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2008 U.S. Dist. LEXIS 53872, at *10 (W.D.N.Y. June 28, 2008) (a fee award of "33% of the Settlement Fund is typical in class action settlements in the Second Circuit"); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *15 (S.D.N.Y. Mar. 24, 2008) ("counsel is entitled to one-third of the common fund after deduction of legal costs, which is consistent with the norms of class litigation in this circuit").

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 8

This amount is standard and reasonable under the circumstances, as will be more fully described in the subsequent motion.

## IV. CLASS ACTION SETTLEMENT PROCEDURE

Courts have established a defined procedure and specific criteria for settlement approval in class action settlements, which include three distinct steps:

(1) Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval and certification of the settlement class;

(2) Dissemination of mailed and/or published notice of settlement to all affected Class members; and

(3) A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also Newberg* §§ 11.22, *et seq.* This process safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests. With this motion, Plaintiffs request that the Court take the first step – granting preliminary approval of the Settlement Agreement, conditionally certifying the settlement class, appointing Plaintiffs' Counsel as Class Counsel, and approving Plaintiffs' Proposed Notice and authorizing them to send it. The parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

(1) The Notice and Claim Forms will be mailed to class members within 21 days after the Order Granting Preliminary Approval. They will also be posted at the restaurant and distributed by email and social media. (Ex. A (Settlement Agreement) ¶ III)

(2) Class members will have 81 days from the date of this court's Order preliminary approval (i.e. approximately 60 days after the date the Proposed Notice is mailed) to opt out of or object to the settlement ("Opt-Out Period"). (*Id.*)

(3) Plaintiffs will file a Motion for Final Approval of Settlement after the expiration of the opt-out period. (*Id.*)

(4) A final fairness hearing will be held on a date that is convenient for the Court. (*Id.*)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 9

(5) After the final fairness hearing, if the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the Effective Date of the Settlement will be 30 days after the Court enters its Final Order and Judgment ("Effective Date").

(6) If a party appeals the Court's Final Order and Judgment, the Effective Date of Settlement shall be the day after all appeals are finally resolved and all payments are received from defendants.

(7) Settlement awards to Class Members and Plaintiffs' Counsel within 15 days of the Effective Date.

I. **The Settlement Class Meets the Legal Standard for Class Certification**

The law favors compromise and settlement of class action suits. *Wal-Mart Stores, Inc. v.Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (quoting *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998)) (internal quotation marks omitted); *see also Newberg* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.") The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Newberg* § 11.25. The court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re TrafficExecutive Ass'n*, 627 F.2d at 634; *Newberg* § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 10

class members); *see also Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at *12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where the settlement "ha[d] no obvious defects" and the proposed allocation plan was "rationally related to the relative strengths and weaknesses of the respective claims asserted"). "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)) (internal quotation marks omitted); *Wright v. Stern*, 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) (same). Absent evidence of fraud or collusion, where a settlement is achieved through arm's-length negotiations by experienced counsel,"[courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. 2007). This first step in the settlement process simply allows notice to issue to the class and for class members to object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

### J. The Settlement is Fair, Reasonable, and Adequate.

In evaluating a class action settlement, courts in the Second Circuit consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Although the Court need not evaluate the *Grinnell* factors in order to conduct its initial evaluation of the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 11

settlement, it may be useful for the Court to consider the criteria on which it will ultimately judge the settlement. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463. All of the *Grinnell* factors weigh in favor of approval of the Settlement Agreement, and certainly in favor of preliminary approval.

### 1. *Further Litigation May be Complex, Costly, and Long (Grinnell Factor 1).*

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid further expense and delay and ensure a speedy, risk-free recovery for the class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), aff'd sub. nom. *D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).

Especially given the transience of this workforce, every week (if not day) of further delay reduces the likelihood of actual recovery of damages to any given worker. This settlement makes monetary relief available to class members in a prompt and efficient manner relative to the uncertain timeline of continued litigation. Therefore, the first *Grinnell* factor weighs in favor of preliminary approval.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 12

## 2. The Reaction of the Class (Grinnell Factor 2).

Although notice of the settlement has not yet issued to the class, the named Plaintiff has expressed support for the settlement and has signed the Settlement Agreement. The Court can fully analyze this factor only after notice issues and Class Members have had an opportunity to weigh in.

## 3. Discovery Has Advanced Far Enough to Allow the Parties to Responsibly Resolve the Case (Grinnell Factor 3).

The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *Warfarin*, 391 F.3d at 537. "The pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement . . . [but] an aggressive effort to ferret out facts helpful to the prosecution of the suit." *In re Austrian & German Bank Holocaust Litig*, 80 F. Supp. 2d at 176 (quoting *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 263 (S.D.N.Y. 1998)) (internal quotation marks omitted).

The parties' discovery here meets this standard. As discussed above, Plaintiffs obtained payroll data and timekeeping records, to the extent they exist. Further litigation was unlikely to improve the quality of the existing records. Counsel advocated their positions and engaged in vigorous back-and-forth regarding their respective claims and defenses. Based on these circumstances, the parties were well-equipped to evaluate the strengths and weaknesses of the case. See *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *8-9 (S.D.N.Y. 2009) (granting final approval of settlement resulting from "contentious arm's-length negotiations" undertaken "in good faith"); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *12-13 (S.D.N.Y. 2009) (same); *Frank*,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 13

228 F.R.D. at 185 (approving settlement of case "in relatively early stages of discovery" where parties had exchanged extensive information pertaining to the identities of class members and to Defendant's time and pay practices and where counsels' negotiations, while "cooperative," had "been in no way collusive"). This factor weighs in favor of preliminary approval.

### 4. *Plaintiffs Would Face Significant Risks if the Case Proceeded (Grinnell Factors 4 and 5).*

Although Plaintiffs' case is strong, it is not without risk. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.,* 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "if settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.,* 304 F. Supp. 917, 934 (S.D.N.Y. 1969). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 177 (quoting *Marisol A. v. Giuliani*, 185 F.R.D. 152, 164 (S.D.N.Y. 1999)) (internal quotation marks omitted). Largely because of defendants' poor records during the settlement period, any damage award would necessarily be based on best guesses and informed approximations. The number ultimately awarded could be less or more than the amount agreed in settlement. The proposed settlement alleviates this uncertainty. This factor weighs in favor of preliminary approval.

### 5. *Establishing a Class and Maintaining it Through Trial Would Not Be Simple (Grinnell Factor 6).*

The risk of maintaining the class status through trial is also present. As previously discussed, Defendants could argue that the class should be decertified based on the fact that the named plaintiff did not represent the pay practices at issue after the installation of the new time

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 14

clock.  Risk, expense, and delay would permeate such a process. Settlement eliminates this risk, expense, and delay. This factor favors preliminary approval.

### 6. *Defendants' Ability to Withstand a Greater Judgment Is Not Assured (Grinnell Factor 7).*

A "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178 n.9). Here, the Settlement Agreement minimizes the risk of collection by requiring Defendants to pay the Fund into escrow over time in accordance with their projected cash flow requirements, and penalties for nonpayment in the forms of an escrowed confession of judgment and late fees provide ample incentive to maintain the payment schedule.  If Defendants had been forced to pay even the agreed amount (much less a greater recovery) all at once, such judgment may have had the net effect of making recovery for the workers less, rather than more, likely.  Accordingly, this factor favors preliminary approval.

### 7. *The Settlement Fund is Substantial in Light of the Best Possible Recovery and the Attendant Risks of Litigation (Grinnell Factors 8,9).*

The $112,500 settlement amount represents a good value given the attendant risks of litigation, even though recovery could be greater if Plaintiff succeeded on all claims at trial and survived an appeal. Each Class Member will receive a payment based upon his or her potential claim. In Class Counsel's estimation, the settlement represents a significant percentage of the recovery that Plaintiffs would have achieved had they prevailed on all of their claims. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is more than reasonable.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.SunnySideLaw.com*

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 15

"[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Grinnell Corp.*, 495 F.2d at 455 n.2. "It is well settled that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982); *see Cagan v. Anchor Sav. Bank FSB*, No. 88 Civ. 3024, 1990 U.S. Dist. LEXIS 11450, at *34-35 (E.D.N.Y. May 17, 1990) (approving $2.3 million class settlement over objections that the "best possible recovery would be approximately $121 million"); *Brooks v. Am. Export Indus., Inc.*, No. 71 Civ. 5128, 1977 U.S. Dist. LEXIS 17313, at *16-18 (S.D.N.Y. Feb. 17, 1977) (approving settlement of less than 1% of the best possible recovery). The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Moreover, when settlement assures immediate payment of substantial amounts to class members, "even if it means sacrificing 'speculative payment of hypothetically larger amount years down the road,'" settlement is reasonable under this factor. *See Gilliam,* 2008 U.S. Dist. LEXIS 23016, at *5 (quoting *Teachers' Ret. Sys. of Louisiana v. A.C.L.N. Ltd.*, No. 01 Civ. 11814, 2004 U.S. Dist. LEXIS 8608, at *16 (S.D.N.Y. May 14, 2004)).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 16

### K. Certification of the Rule 23 Settlement Class Is Appropriate.

Plaintiffs respectfully request that the Court certify the following Fed. R. Civ. P. 23 class for purposes of effectuating the settlement: all individuals who worked at Café R at any time from April 1, 2011 to July 19, 2012 and who were paid on an hourly basis (including but not limited to, cooks, cashiers, dishwashers, and other restaurant laborers with unspecified titles).

This Court has already issued a "bottom line" order granting Plaintiff's Motion for Conditional Certification of the NYLL Class and FLSA Collective and appointing AndersonDodson, P.C. as Class Counsel. The only difference from then until now is the duration of the covered period. For purposes of the Release defendants will obtain, the class will include those whose identities are included in their list attached to the agreement and any other eligible employees who submit claims forms.

### L. The Proposed Class Notice Is Appropriate.

The content of the Proposed Notice, which is attached to the Notice of Motion as Exhibit A, fully complies with due process and Fed. R. Civ. P. 23. Pursuant to Rule 23(c)(2)(B), the notice must provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3). The Proposed Notice here satisfies each of these requirements. It also describes the terms of the settlement,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 17

informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing and how to object to or exclude oneself from the settlement.

This information is adequate to put class members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B). Courts in this district have approved class notices that are very similar to the one proposed by Plaintiffs.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court Preliminarily Approve of the Settlement, Approve the Proposed Notice and Claim Form, and enter the Proposed Order.

Respectfully submitted, this **25th** day of **April, 2012.**

ANDERSONDODSON, P.C.

*[signature: Penn Dodson]*

**Penn U. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway
Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Luciano v. Café Au Bon Gout et al*
Case no. 1:12-CV-05730-JSR (SDNY)

Ps Motn for Prelim Approval
Page 18